IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SCOTT HONAKER, *et al.*,

    Plaintiffs,

v.

WRIGHT BROS. PIZZA, INC., *et al.*,

    Defendants.

Case No. 2:18-cv-1528

JUDGE ALGENON L. MARBLEY

Magistrate Judge Deavers

## OPINION & ORDER

This matter comes before the Court on Defendants' Motion to Stay the Complaint (ECF No., 13) and Motion to Stay Certification of the Collective Action in light of the pending Motion to Stay the Complaint (ECF No. 17). Defendants' Motion to Stay the Complaint (ECF No. 13) is **DENIED IN PART.** Defendants' Motion to Stay Certification of the Collective Action (ECF No. 17) is hereby **MOOT.**

### I. BACKGROUND

#### A. Factual and Procedural Background

This is a suit alleging violations of the Fair Labor Standards Act ("FLSA"), Article II, Section 34a of the Ohio Constitution, the Ohio Minimum Wage Fairness Act, O.R.C. § 4111.01, the Ohio Prompt Pay Act, O.R.C. § 4113.15, and O.R.C. § 2307.60. (ECF No. 1 at ¶ 1). Thomas Wright owns and operates Wright Bros. Pizza, Inc. (ECF No. 1 at ¶ 27). Wright Bros. Pizza, Inc. operates five Domino's franchise locations in Ohio. (ECF No. 1 at ¶ 2).

Plaintiff Rhonda Honaker worked for Wright Bros. Pizza, Inc. as a delivery driver from July 2017 to November 8, 2018, mostly at the Pickerington location. (ECF No. 1 at ¶¶ 98–100).

1

Scott Honaker worked at the Defendants' Dominos locations from August 2013 to November 8, 2018. (ECF No. 1 at ¶ 80). Like Rhonda, he primarily worked at the Pickerington location but sometimes worked at other of Defendants' locations. In addition to working as a delivery driver, Scott Honaker also worked as an assistant manager. (ECF No. 1 at ¶¶ 82, 84).

The Honakers primarily dispute the way Defendants compensate their delivery drivers. Plaintiffs allege that, since 2014, delivery drivers have been paid two rates: an hourly rate that is "minimum wage or slightly above minimum wage" for the time they work in the store and another rate for their deliveries, that is "minimum wage minus a tip credit." (ECF No. 1 at ¶¶ 49–50, 52). Plaintiffs allege that delivery drivers are not "reimburse[d] . . . at a reasonable approximation of the delivery drivers' expenses," including expenses for "cell phone and data charges" and "receive a per-delivery reimbursement payment that amounts to less than the IRS standard business mileage rate for each mile they drive while completing deliveries for Wright Bros." (ECF No. 1 at ¶¶ 62–64, 66). Plaintiffs also allege that Defendants did not comply with the FLSA provisions for taking a tip credit from their wages, including by "tak[ing] more of a tip credit than they informed [Plaintiffs] they would be taking." (ECF No. 1 at ¶¶ 96, 110).

### B. Procedural Background

Plaintiffs Scott and Rhonda Honaker sued Wright Bros. Pizza, Inc. and Thomas Wright on behalf of themselves and as a collective action under the FLSA and class action under Ohio law. Plaintiffs moved for conditional certification of the collective action on January 11, 2019. (ECF No. 10). Defendants then moved to stay the case pending the outcome of a related case against Domino's, *Clark v. Pizza Baker, Inc., et al.*, 2:18-cv-157. That case seeks a nationwide collective action and Ohio class and is being litigated against two franchisees and Domino's corporate. That case is also pending in this Court, and the Honakers have opted into the *Clark* suit. Defendants

2

have moved to stay the Honaker's case against Wright Bros. Pizza until *Clark v. Pizza Baker* is resolved. Defendants argue a stay is appropriate under the first-to-file rule.

Defendants have also moved to Stay briefing on the class certification issue until this Court decides the Motion to Stay the Complaint. These Motions to Stay are fully briefed and ripe for review.

## II. STANDARD OF REVIEW

The first-to-file rule recognizes the inherent inefficiency of allowing two, largely identical suits, to proceed to judgment at the same time. Thus, "[t]he first-to-file rule is a prudential doctrine that grows out of the need to manage overlapping litigation across multiple districts." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016). In addition to these prudential considerations, the first-to-file rule "encourages comity among federal courts of equal rank." *Zide Sport Shop of Ohio v. Ed Tobergate Assoc., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001). The first-to-file rule "provides that, 'when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should *generally* proceed to judgment.'" *Baatz*, 814 F.3d at 789 (quoting *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007)). In this way, the first-to-file rule "conserves judicial resources by minimizing duplicative or piecemeal litigation, and protects the parties and the courts from the possibility of conflicting results." *Baatz*, 814 F.3d at 789 (citing *EEOC v. Univ. of Pa.*, 850 F.2d 969, 977 (3d Cir. 1988); *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985)).

Courts examine three factors in determining whether to apply the first-to-file rule: "(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Baatz*, 814 F.3d at 789. If these factors are met, then "the court must

also determine whether any equitable considerations, such as evidence of 'inequitable conduct, bad faith, anticipatory suits, [or] forum shopping,' merit not applying the first-to-file rule in a particular case." *Baatz*, 814 F.3d at 789 (quoting *Certified Restoration Dry Cleaning Network, LLC*, 511 F.3d at 551–52).

If faced with "a duplicative suit, [a federal court] may exercise its discretion to stay the suit before it, to allow both suits to proceed, or, in some circumstances, to enjoin the parties from proceeding in the other suit." *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). Dismissal may also be appropriate. *See Baatz*, 814 F.3d at 793–94.

Plaintiffs argue that the first-to-file rule does not apply where, as here, the two cases are pending before the same judge. (ECF No. 18 at 9–10). This is an unsettled area of the law. Although most cases applying the first-to-file rule have done so in the context of cases pending in different districts, this Court has previously found that the first-to-file rule also applies to "two different courts within the same district." *Ohio Willow Wood Co. v. Alps South, LLC*, No. 2:13–CV–860, 2014 WL 1872375, at *2 (S.D. Ohio May 8, 2014). Courts have reached differing conclusions as to whether the first-to-file rule applies where, as here, the cases are pending before the same judge. *See, e.g.*, *McGraw-Hill Global Educ., LLC v. Griffin*, Civil Action No. 5:14-CV-00042-TBR, 2014 WL 5500505, at *6 (W.D. Ky. Oct. 30, 2014) (finding the first-to-file rule applicable on efficiency grounds). *But see Green Tree Servicing, L.L.C. v. Clayton*, 689 F. App'x 363, 367–68 (5th Cir. 2017) (first-to-file rule limited to different judges or different districts); *Powell v. Oldham*, No. 2:16-cv-2907-SHM-tmp, No. 2:17-cv-2015-SHM-dkv, No. 2:17-cv-2795-SHM-tmp, 2018 WL 1249909, at *3, 2018 U.S. Dist. LEXIS 39058, at *12 (W.D. Tenn. March 9, 2018) ("Courts generally decline to apply the first-to-file rule when the two actions are actively pending before the same judge."). This Court need not decide whether the

4

first-to-file rule applies in such a situation because, here, even assuming the first-to-file rule can apply, the two cases are not so similar as to warrant staying *Honaker* in favor of allowing *Clark* to proceed.

### III. LAW AND ANALYSIS

#### A. Chronology of Events

For the chronology of events, the court looks to the filing dates of the complaints. *Baatz*, 814 F.3d at 790. The Plaintiffs do not dispute that *Clark* was filed before *Honaker*. Thus, this factor supports applying the first-to-file rule.

#### B. Similarity of the Parties Involved

To show similarity of the parties involved, the parties must "'substantially overlap,' even if they are not perfectly identical." *Baatz*, 814 F.3d at 790. Additionally, "courts have looked at whether there is substantial overlap with the putative class even though the class has not yet been certified." *Id.*

Plaintiffs argue that the putative classes in *Clark* and *Honaker* differ because the *Clark* collective action is nationwide while the *Honaker* collective is limited to "a couple hundred delivery drivers in central Ohio against a particular franchisee." (ECF No. 18 at 10). Additionally, the defendants in *Clark* are several franchisees, not including Wright Bros., and Domino's corporate. *Honaker* is proceeding against only one franchisee. Defendants argue that "the proposed class in *Clark completely encapsulates* the proposed class in this action." (ECF No. 19 at 5). Plaintiffs have conceded the same. (2:18-cv-1528, ECF No. 18 at 5). The *Clark* collective action seeks to include Clark and "all similarly situated current and former Domino's delivery drivers who worked at any Domino's corporate or franchise location . . . , who drove their personal cars to complete deliveries, and who were not paid at or above the IRS standard

mileage rate for all miles driven while completing deliveries." (2:18-cv-157, ECF No. 3 at 33). The proposed class definition in *Clark* is virtually identical. Thus the *Clark* collective action includes the collective action in *Honaker*.

The defendants in *Clark* and *Honaker*, however, differ. Honaker proceeds only against one Domino's franchise and its owner. Clark proceeds against two franchises, their owners, and Domino's corporate. These parties do not substantially overlap. Although some cases have found that a franchisor-franchisee relationship bears in favor of a finding of substantial overlap of parties, *Buffalo Wild Wings, Inc. v. BW Rings, LLC*, 2010 WL 4919759, at *3 (S.D. Ohio Nov. 29, 2010); *Elite Physicians Servs., LLC v. Citicorp Credit Servs., Inc.*, No. 1:06-CV-86, 2007 U.S. Dist. LEXIS 26954 (E.D. Tenn. Apr. 11, 2007) (collecting cases) ("Courts generally hold that privity or affiliation between/among defendants is sufficient to find 'substantial overlap.'"), they have generally done so on facts different from those here. *Buffalo Wild Wings, Inc. v. BW Rings, LLC*, involved the right to use a "trade name and dress" which necessarily came "from the licensing agreement" between the franchisor and franchisee. *Buffalo Wild Wings, Inc. v. BW Rings, LLC*, 2010 WL 4919759, at *3 (S.D. Ohio Nov. 29, 2010). And in *Elite Physicians Servs.*, the court found that two defendants were "controlled by the same parent entity." *Elite Physicians Servs.*, 2007 U.S. Dist. LEXIS 26954, at *10.

Here, *Clark* and *Honaker* both challenge the use of the PULSE pay system—a system that, Clark alleges, Domino's requires franchisees to use. (2:18-cv-157, ECF No. 3 at ¶ 172). But the extent to which Domino's corporate controlled the franchisees is likely to be litigated in *Clark*. And, unlike in *Buffalo Wild Wings, Inc.*, the allegations here are not about the assignment of legal rights such that the franchisee's liability depends upon the rights of the franchisor.

6

Rather, both cases focus on whether each defendant is liable independently. Thus, here, the franchisee and franchisor defendants do not substantially overlap.

### C. Similarity of the Issues or Claims at Stake

Even were this Court to find that the parties substantially overlap, the issues or claims at stake do not. Issues and claims "need not be identical," as long as the issues are "'materially on all fours' and 'have such an identity that a determination in one action leaves little or nothing to be determined in the other.'" *Baatz*, 814 F.3d at 791 (quoting *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997) (en banc)). The presence of additional issues does not necessarily preclude a finding of substantial similarity where "the core claim is the same." *Watson v. Jimmy John's, LLC*, No. 2:15-cv-768, 2015 WL 4132553, at *4 (S.D. Ohio July 8, 2015). *See also Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F.Supp.2d 686, 690 (E.D. Tenn. 2005) (finding the presence of an additional FLSA allegation insufficient to defeat substantial overlap of issues).

The Wright Bros. Defendants argue that the issues substantially overlap—the main claim is whether the payment system, at issue in *Clark* and *Honaker*, resulted in paying delivery drivers below minimum wage. (ECF No. 13 at 6). Defendants argue that "no legal arguments that are implicated in this case could be left unaddressed by *Clark*." (ECF No. 13 at 6). The *Honaker* plaintiffs seek to differentiate the claims based on the joint employer issue, which only applies to the Domino's Defendants in *Clark*, and the tip credit notice issue, that only applies in *Honaker*. (ECF No. 18 at 5).

Although both *Clark* and *Honaker* seek to recover damages for alleged FLSA violations, the issue of joint employer liability precludes a finding that the two cases involve a substantial overlap in issues. As the *Honaker* Plaintiffs have noted, this joint employer liability issue is likely to require a significant amount of discovery. (ECF No. 18 at 10–11). That discovery will

be irrelevant to this case. The Wright Bros. Defendants have argued that "[t]he nationwide Domino's corporate defendants in *Clark* should not face the possibility that they will be precluded from even arguing a defense to the chief issue of a nationwide collective action because" the *Honaker* Plaintiffs' case may proceed to judgment before *Clark*. (ECF No. 19 at 7). Defendants miss the point, however, that a main issue in *Clark* will be whether the corporate Domino's defendants are joint employers who can be held liable for alleged FLSA violations at franchise locations.

Thus, the first-to-file rule should not apply here. At least one other court has found similarly. In *Hart v. Donostia LLC*, the Western District of Texas found that the first-to-file rule was inapplicable where one case alleged FLSA violations against the franchisor and the other alleged FLSA violations against the franchisee. *Hart v. Donostia LLC*, 290 F.Supp.3d 627, 631 (W.D. Tex. 2018). There, the court found that the issues did not substantially overlap because the case against the franchisors would focus on "whether the . . . franchisor entities are liable for FLSA violations as Plaintiff's joint employer" where the case against the franchisees would "focus on acts taken by [franchisee] rather than acts taken by the franchisor entities." *Id.* Significantly, *Hart* considered that "the cases differ because the outcome of one is not necessarily dispositive of the other." *Id.* A FLSA plaintiff is capable of recovering against two employers. *Id.*

Although the *Hart* court additionally considered whether any judicial efficiency could be gained by transferring the case to the first-filed jurisdiction in light of the fact that the defendant in the second case likely could not be joined in the first, that is not a consideration here, where the cases are already pending in the same district before the same judge.

### D. Equitable Considerations

In addition to the above three factors, courts consider whether there are "extraordinary circumstances, inequitable conduct, bad faith, or forum shopping" that counsel against apply the first-to-file rule. *Baatz*, 814 F.3d at 792. Because this Court finds that the first-to-file rule is inapplicable here, it need not address these equitable considerations.

### IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Stay the Complaint is hereby **DENIED**. The Motion to Stay the Motion for Conditional Certification is hereby **DENIED AS MOOT**. Defendants have twenty-one days to file a Response to the Motion for Conditional Certification. Plaintiffs will then have fourteen days to file their Reply.

**IT IS SO ORDERED.**

s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 11, 2019**