**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **SCOTT HONAKER,** : | |
| : | Case No. 2:18-cv-1528 |
| *On behalf of himself and those* : | |
| *similarly situated*, : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| : | |
| **Plaintiff,** : | Magistrate Judge Deavers |
| : | |
| **v.** : | |
| : | |
| **WRIGHT BROS. PIZZA, INC.,** *et al.*, : | |
| : | |
| **Defendants.** : | |

**OPINION & ORDER**

This matter is before the Court on the Plaintiffs' unopposed Motion to Conditionally Certify an FLSA Collective Action and to Authorize Notice ("Motion to Conditionally Certify"). (ECF No. 10). For the reasons set forth below, Plaintiffs' Motion to Conditionally Certify is **GRANTED**.

### I. BACKGROUND

#### A. Factual Background

Plaintiffs Scott and Rhonda Honaker worked as Wright Bros. Pizza delivery drivers. (ECF No. 10 at 3-4). They filed this action on behalf of themselves and similarly situated employees consisting of delivery drivers at at least five Wright Bros. Pizza locations in Ohio. (*Id.*) According to Plaintiffs, Defendants' reimbursement policy was inadequate and violated the Fair Labor Standards Act ("FLSA") because it did not cover all of Plaintiffs' driving expenses, who are paid at or close to minimum wage. (*Id.* at 4). Specifically, they argue that Defendants "neither tracked and paid for their delivery drivers' actual expenses, nor reimbursed their drivers at the IRS rate"

1

pursuant to 29 C.F.R. § 531.35 and the DOL Handbook § 30c15(a). (*Id.* at 4-5). In addition, Plaintiffs allege Defendants paid delivery drivers less than minimum wage in violation of FLSA by counting some of their tips to make up the difference between their hourly wages and minimum wage. (*Id.* at 6-7).

### B.  Procedural History

Plaintiffs commenced this collective action against Defendants on November 27, 2018, alleging that they violated the Fair Labor Standards Act ("FLSA"), the Ohio Constitution, Article II, Section 34a, the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code Section 4113.15, and Ohio Revised Code Section 2307.60. (ECF No. 1). On January 11, 2019, Plaintiffs filed their Motion to Conditionally Certify. (ECF No. 10). On November 18, 2019, Defendants filed a Notice of Non-Opposition to Plaintiffs' Motion to Conditionally Certify and Send Notice and attached the Parties' joint proposed notice form. (ECF No. 22; ECF No. 22 Ex. 1).

## II.  LEGAL STANDARD

A court may certify an FLSA collective action brought "by any one or more employees for and in behalf of… themselves and other employees similarly situated." 29 U.S.C. § 216(b). Similarly situated employees are permitted to "opt into" the collective action. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). The lead plaintiff bears the burden to show that the proposed class members are similarly situated to the lead plaintiff. *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016). Plaintiffs seeking to certify a collective action under the FLSA face a lower burden than plaintiffs seeking class certification under Federal Rule of Civil Procedure 23. *Id.* District courts conduct a two-phase inquiry to determine whether plaintiffs are similarly

situated: conditional and final certification. *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012).

In the conditional-certification phase, conducted at the beginning of the discovery process, named plaintiffs need only make a "modest factual showing" that they are similarly situated to proposed class members. *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 764 (N.D. Ohio 2015) (quoting *Comer*, 454 F.3d at 547). The standard at the first step is "fairly lenient . . . and typically results in 'conditional certification' of a representative class." *Comer*, 454 F.3d at 547 (quoting *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)). Courts generally consider factors such as "employment settings, individual defenses, and the fairness and procedural impact of certification." *Frye*, 495 F. App'x at 672 (citing *O'Brien*, 575 F.3d at 584). Plaintiffs are similarly situated "when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien*, 575 F.3d at 585. Showing a "unified policy" of violations is not required. *Id.* at 584. The named plaintiff "need only show that his position is similar, not identical, to the positions held by the putative class members." *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867-68 (S.D. Ohio 2011) (alteration omitted); *see also Comer*, 454 F.3d at 546-57.

At this stage, a court "does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility." *Waggoner*, 110 F. Supp. 3d at 765 (citing *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011)). In determining conditional certification, courts have considered "whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether evidence of a widespread . . . plan was submitted." *Castillo v. Morales, Inc.*, 302 F.R.D. 480, 486 (S.D. Ohio 2014) (quoting *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999)). If conditional certification is granted, "plaintiffs are permitted

3

to solicit opt-in notices, under court supervision, from current and former employees." *Cornell v. World Wide Bus. Servs. Corp.*, No. 2:14-CV-27, 2015 WL 6662919, at *1 (S.D. Ohio Nov. 2, 2015).

At the second stage, the final certification phase, conducted after the conclusion of discovery, courts "examine more closely the question of whether particular members of the class are, in fact, similarly situated." *Comer*, 454 F.3d at 547. At this stage, the court has much more information on which to base its decision of whether the proposed plaintiffs are similarly situated and, "as a result, it employs a stricter standard." *Id.* (alteration, quotation marks, and citation omitted).

### III. ANALYSIS

#### A. Similarly Situated Analysis

Plaintiffs seek to conditionally certify the following collective action class under the FLSA:

> All delivery drivers employed at Domino's Pizza stores owned/operated by Defendants Wright Bros. Pizza, Inc. and Thomas Wright from November 27, 2015 to present.

(ECF No. 22 at 1). Plaintiffs claim Defendants own and operate at least five Domino's pizza franchises in Ohio. They argue the potential class of delivery drivers is similarly situated because Defendants applied the same policies to all of their delivery drivers: "(1) they drove their personal cars for work, (2) they paid them minimum wage, a tipped wage rate, or slightly above minimum wage, (3) they did not reimburse delivery drivers for their actual expenses or at the IRS standard business mileage rate, but instead reimbursed a set amount per delivery." (ECF No. 10 at 10). Defendants do not oppose conditional class certification. (ECF No. 22 at 1).

At this stage, the Court finds that Plaintiffs have satisfied the "modest factual showing" required to show that they are similarly situated to proposed class members. *See Waggoner*, 110 F. Supp. 3d at 764. Scott and Rhonda Honaker both submitted declarations asserting that

4

Defendants paid them minimum wage or slightly above minimum wage while working inside the store, paid them a tipped wage rate while delivering food, required them to maintain and pay for their own vehicles, did not ask them to track their vehicle costs, did not reimburse them for their actual expenses, did not reimburse them at the IRS standard business mileage rate, and instead paid them a flat per-delivery reimbursement amount less than the IRS standard business mileage rate.  (ECF No. 10 Ex. 1 at ¶¶ 5, 11, 12, 15, 17-20; ECF No. 10 Ex. 2 at ¶¶ 4, 7, 8, 12-15).  The Honakers declared that it was their understanding that all delivery drivers were subject to the same or similar wage and reimbursement policies that they were subjected to.  (ECF No. 10 Ex. 1 at ¶ 11; ECF No. 10 Ex. 2 at ¶ 7). They stated they knew other drivers were subject to the same rules with respect to wages delivery reimbursements because they worked in multiple locations under the same terms, spoke to other delivery drivers about how they were paid, and saw them receive their reimbursements. (ECF No. 10 Ex. 1 at ¶ 22; ECF No. 10 Ex. 2 at ¶ 17).

The information in these declarations are sufficient at this "fairly lenient" stage to show that Plaintiffs are similarly situated to representative class members because they "suffer from a single, FLSA-violating policy." *See Comer*, 454 F.3d at 547 (internal quotations omitted); *O'Brien*, 575 F.3d at 585; *see also Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 896 (S.D. Ohio 2016) (Marbley, J.) (granting motion for conditional collective action certification and noting that "in at least one instance a court in this district has certified a class based only on two declarations"); *Flexter v. Action Temp. Servs.*, No. 2:15–cv–754, slip op. at 9 (S.D.Ohio Mar. 25, 2016) (Smith, J.) (denying a conditional-certification motion but noting that "[i]n some instances, two declarations may be sufficient to show that other employees are similarly situated to the plaintiff and FLSA conditional certification is appropriate" and that "[o]ne such instance might arise where a declarant has personal knowledge of widespread violations"). For these reasons, and

because Defendants do not oppose the Motion to Conditionally Certify, the Court **GRANTS** Plaintiffs' Motion to Conditionally Certify the collective action. (ECF No. 10; ECF No. 22).

### B. Notice

Having conditionally certified the class, this Court has the authority to supervise notice to potential plaintiffs. *Lewis v. Huntington Nat. Bank*, 789 F. Supp. 2d 863, 870 (S.D. Ohio 2011) (citing *Hoffman-La Roche*, 493 U.S. 165, 172 (1989)). By "monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative." *Hall v. U.S. Cargo & Courier Serv., LLC*, 299 F. Supp. 3d 888, 897–98 (S.D. Ohio 2018) (quoting *Hoffman-La Roche*, 493 U.S. at 172)). The Court may facilitate notice to the putative class "so long as the court avoids communicating to absent class members any encouragement to join the suit or any approval of the suit on its merits." *Swigart*, 276 F.R.D. at 214. The Parties ask for authorization to send the notice attached as Exhibit 1 to the Notice of Non-Opposition to Plaintiffs' Motion to Send Notice. (ECF No. 22 Ex. 1). Upon review, the Court finds that the notice is timely, accurate, and informative, and is hereby approved.

#### 1. Method of Disseminating Notice

Plaintiffs seek to send notice of the lawsuit to all putative class members via mail and electronic mail. (ECF No. 22 at 2). This Court has "discretion in deciding how notice is disseminated." *Staggs v. Fuyao Glass Am., Inc.*, No. 3:17-CV-191, 2018 WL 840178, at *2 (S.D. Ohio Feb. 8, 2018); *see also Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-CV-516, 2017 WL 3500411, at *5 (S.D. Ohio Aug. 15, 2017 (the court has "wide latitude in determining the method or methods of notice that will reach the potential opt-in plaintiffs"). Courts traditionally "approve only a single method for notification unless there is a reason to believe that method is ineffective." *Hamm v. S. Ohio Med. Ctr.*, 275 F. Supp. 3d 863, 879 (S.D. Ohio 2017). The trend

in the Southern District of Ohio, however, "is to allow notice by mail and email to ensure that putative class members receive notice of the pending action." *Hall*, 299 F. Supp. 3d at 899–900; *see also Bradenburg*, 2017 WL 3500411 at *5 (allowing notice to be sent to all current and former employees via electronic mail and postal mail). Following the trend, this Court finds that notice by mail and email is appropriate in this case.

### 2. Opt-In Period

The Parties request that the opt-in period stay open for 60 days. (ECF No. 22 Ex. 1 at 3). The Court has approved similar opt-in periods in the past. *See, e.g., Cowan v. Nationwide Mutual Insurance Co.*, No. 2:19-cv-1225, 2019 WL 4667497, at *13 (S.D. Ohio Sept. 25, 2019) (approving 60-day opt-in period). Because there are no objections from either party and because the proposed opt-in period is within the range of standard for class actions notices, this Court finds the 60-day period appropriate in this case.

### 3. Disclosure of Names and Contact Information

Finally, the Parties jointly request an Order requiring Defendants to produce a list of the names, last known addresses, telephone numbers, e-mail addresses, dates of employment, and job titles for members of the putative class within 21 days, and requiring Plaintiffs to disseminate notice 15 days after receiving the contact information. (ECF No. 22 Ex. 2 at ¶¶ 4-5). This Court has found similar disclosures to be appropriate. *See Staggs*, 2018 WL 840178, at *2. The Court therefore grants the requested disclosure of names and contact information.

### IV. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Plaintiff's Motion to Conditionally Certify (ECF No. 10) and conditionally certifies the following collective action class:

> All delivery drivers employed at Domino's Pizza stores owned/operated by Defendants Wright Bros. Pizza, Inc. and Thomas Wright from November 27, 2015 to present.

The Court **APPROVES** the substance of the proposed Form and Method of Notice (ECF No. 22 Ex. 1). Notice shall be sent, to the extent possible, by regular mail and e-mail in the form proposed by the parties, and putative opt-in Plaintiffs shall be given sixty (60) days from the date they receive notice to return the consent form to Plaintiffs' counsel.

Pursuant to the terms of the jointly proposed notice form, Defendants are hereby **ORDERED** to produce to Plaintiffs a list of the names, last known addresses, telephone numbers, e-mail addresses, dates of employment, and job titles for members of the putative class within **TWENTY-ONE (21) DAYS** from the date of this Order. Plaintiffs counsel shall disseminate notice within **FIFTEEN (15) DAYS** of receiving the contact information from Defendants.

  **IT IS SO ORDERED.**

         /s/ Algenon L. Marbley_____
         **ALGENON L. MARBLEY**
         **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: January 13, 2020**